IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 21–cv–01018–KMT

MARK ALLEN FINNEY,

    Plaintiff,

v.

ADAMS COUNTY SHERIFF RICHARD A. REIGENBORN, and
WELLPATH HEALTH SERVICES,

    Defendants.

# ORDER

Before the court is "Plaintiff Mark A. Finney's Motion to Request Pro Bono Counsel." (["Motion"], Doc. No. 50.)  No response has been filed to the Motion.  After carefully considering the Motion, as well as related briefing, the court has determined that the interests of justice do not warrant the appointment of civil counsel.

The determination as to whether to appoint counsel in a civil case is left to the sound discretion of the district court.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  The court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel."  *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).  Those factors include: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  *Id.* (quoting

*Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy*, 753 F.2d at 838). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839).

Pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado-Attorney, the following unrepresented parties are eligible for the appointment of *pro bono* counsel: (1) a party who has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915; (2) an unrepresented prisoner; and (3) a non-prisoner, unrepresented party who demonstrates limited financial means. D.C.COLO.LAttyR 15(e). In addition to eligibility, the court applies the following factors and considerations to evaluate a motion for the appointment of counsel in a civil case: (1) the nature and complexity of the action; (2) the potential merit of the *pro se* party's claims; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice will be served by the appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f)(1)(B).

*Pro se* Plaintiff Mark Allen Finney,[1] a pretrial detainee at the Adams County Detention Facility ["ACDF"], brings this action, pursuant to 42 U.S.C. § 1983, asserting violations of his

---

[1] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

Fifth, Eighth, and Fourteenth Amendment rights by the Adams County Sheriff, Richard A. Reigenborn, and Wellpath Health Services. (["Amended Complaint"], Doc. No. 20.) Plaintiff alleges, specifically, that while he was in ACDF custody, he was unlawfully and unnecessarily exposed to the COVID-19 coronavirus. (*Id.* at 4.) The claims are neither novel, nor complex, and Plaintiff has relayed the substance of his claims effectively thus far. In his operative pleading, Plaintiff requests punitive damages, as well as injunctive relief. (*Id.* at 6.)

In support of his present request for counsel, Plaintiff states that he was recently transferred, on August 13, 2021, to a different facility within the Colorado Department of Corrections, and that since that time, he has had "very limited access" to the law library. (Mot. 1.) Plaintiff also reports that, due to lung "damage" caused by his past exposure to the COVID-19 coronavirus, he now must use "an inhaler containing steroids." (*Id.*) He argues that an appointed attorney will help him with "filing motions needed" in this case, as well as with his efforts in communicating with opposing counsel. (*Id.*) Plaintiff is "confident" that, if he is provided with his own legal counsel, his "deliberate indifference" claim "will be proven to the court," and Defendants "will be held accountable." (*Id.*) However, Plaintiff does not specifically address the nature and complexity of this action, the potential merit of each of his claims, or the actual efforts he has undertaken to retain an attorney by other means. D.C.COLO.LAttyR 15(f)(1)(B). To the extent that Plaintiff has concern about his ability to litigate this case while incarcerated, his detainee status alone does not entitle him to appointed counsel. *See Williams v. Ezell*, 534 F. App'x 699, 703 (10th Cir. 2013); *Griffin v. Ortiz*, 286 F. App'x 538, 541 (10th Cir. 2008). In addition, the court does not see any benefit that it may

3

derive from the assistance of appointed counsel. On balance, therefore, the court cannot conclude that the interests of justices would be served by the appointment of *pro bono* counsel.

Accordingly, it is

**ORDERED** that the "Plaintiff Mark A. Finney's Motion to Request Pro Bono Counsel" (Doc. No. 50) is **DENIED**.

Dated this 12th day of November, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge